UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
KEVIN GAMBLE,

                                    Plaintiff,

                                                              9:05-CV-1097
                                                              (TJM)(GJD)

          v.

J. ISAACS, Officer, Elmira Correctional Facility,

                                    Defendant.
------------------------------------------------------------------------
APPEARANCES:

KEVIN GAMBLE
Plaintiff, *pro se*
00-A-6625
Elmira Correctional Facility
Box 500
Elmira, NY 14902-0500

THOMAS J. MCAVOY, U.S. DISTRICT JUDGE


**DECISION AND ORDER**

**I.     Background.**

          The Clerk has sent to the Court a civil rights complaint, together with an

application to proceed *in forma pauperis* filed by Kevin Gamble ("plaintiff" or "Gamble"),

who is presently incarcerated at the Elmira Correctional Facility.[1]

          Because the pleading filed by Gamble fails to satisfy the basic pleading

requirements established by the Federal Rules of Civil Procedure, the Court orders

plaintiff to file an amended complaint should he wish to avoid the dismissal of his

action.

---

          [1]The Court notes that plaintiff recently filed three other actions in this Court.  *See* 9:05-CV-
1093, 9:05-CV-1095, and 9:05-CV-1088.

## II.  **Discussion.**

(A)    Rules Governing Pleading Requirements.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed.R.Civ.P. 8(a)(2).  The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (*quoting Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.) (other citations omitted)).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

**(b)  Paragraphs; Separate Statements.**  All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading ...." *Sandler v. Capanna*, No. 92-4838, 1992 WL 392597, *3 (E.D.Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy of a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for the Court to assess the sufficiency of plaintiff's claims, and may properly be

dismissed by the Court.  *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996)

(McAvoy, C.J.).   As the Second Circuit has stated, "[w]hen a complaint does not

comply with the requirement that it be short and plain, the Court has the power to, on its

own initiative, ... dismiss the complaint."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.

1988).  "Dismissal, however, is usually reserved for those cases in which the complaint

is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

any, is well disguised."  *Hudson*, 1998 WL 832708, *2 (citation omitted).  In those cases

in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it

should afford the plaintiff leave to amend the complaint to state a claim that is on its

face nonfrivolous.  *See Simmons II v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

    (B)   Allegations Contained in the Complaint.

    While plaintiff seems to be claiming that his constitutional rights have been

violated by the defendant, he does not set forth sufficient facts upon which this Court

may rely in determining whether a cause of action has been stated.[2]   Further, plaintiff

---

[2] The Court notes that plaintiff brings this action pursuant to 42 U.S.C. 1983 which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted). To recover under § 1983, a plaintiff must establish two elements:  first, that he was deprived of rights secured by the "Constitution and laws" of the United States and second, that such deprivation occurred under "color of law."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (citations omitted); *Jackson v. Goord*, 96-CV-6816, 1997 WL 728243, *2 (S.D.N.Y. Nov. 29, 1997). Sufficient facts must be alleged to sustain a Section 1983 claim.  *Jackson*, 1997 WL 728243, *2; *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987) ("complaints relying on civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights...").

never alleges what injury or damages he allegedly sustained, nor the damages he seeks to recover in this action.

In addition, the Court notes that plaintiff only names one defendant in the caption of his pleading.  However, the body of the complaint appears to set forth allegations against individuals other than the named defendant.  In any amended complaint filed in accordance with this Order, plaintiff should focus on setting forth the **facts** giving rise to his claims.  In addition, plaintiff is advised that he must name, both in the caption and in the body of the complaint, every individual who he seeks to name as defendant in this action.  Finally, when re-drafting his complaint, plaintiff is advised that the law in this Circuit clearly provides that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights.  Thus, plaintiff must avoid general allegations of wrongdoing and, rather, set forth the specific alleged acts of wrongful conduct that plaintiff asserts as the basis for his claims.

For the reasons stated above, Gamble is advised that unless he files an amended complaint **within thirty (30) days** from the date of the filing of this Order, this action will be dismissed.  Any such amended complaint, **which shall supersede and replace in its entirety the previous complaint filed by plaintiff**, must contain a caption that clearly identifies, by name, each individual and/or entity that Gamble is suing in the present lawsuit, and must bear the case number assigned to this action.  The body of plaintiff's complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  Thus, if Gamble claims that his civil and/or constitutional rights were violated by more than one defendant, or on more

4

than one occasion, he shall include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every defendant named in such complaint, and shall be filed with the Court **within thirty (30) days** from the date of the filing of this Order.  **Any defendants not named in such pleading shall not be defendants in the instant action.**  Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference.  Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.  Therefore, **plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes this Court to consider as a basis for awarding plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without further Order of the Court.**

### III.    *In forma Pauperis* Application.

Turning to plaintiff's *in forma pauperis* application, after reviewing the entire file herein, the Court finds that plaintiff's *in forma pauperis* application may be granted.

WHEREFORE, it is hereby

ORDERED, that plaintiff file with the Court **within thirty (30) days** from the date

of the filing of this Order, an amended complaint which complies fully with Rules 8 and 10 of the Federal Rules of Civil Procedure and the terms of this Order as detailed above, and it is further

ORDERED, that if plaintiff fails to file such an amended complaint **within thirty (30) days** from the date of the filing of this Order, the Clerk shall enter judgment dismissing this action without further order of this Court due to plaintiff's failure to comply with the terms of this Order, and it is further

ORDERED, that if plaintiff fails to allege specific acts of misconduct as to any of the individuals named in any amended complaint filed herein, the instant action be dismissed with respect to the individuals against whom the plaintiff has failed to allege specific acts of misconduct, and it is further

ORDERED, that plaintiff's *in forma pauperis* application is granted.[3]  The Clerk shall provide the Superintendent of the facility designated by plaintiff as his current location with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $250.00 pursuant to 28 U.S.C. § 1915, and it is further

ORDERED, that the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office, and it is further

ORDERED, that upon the filing of plaintiff's amended complaint as directed above, the file in this matter be returned to the Court for further review, and it is further

---

[3]Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

ORDERED, that any future action filed by plaintiff comply with the Local Rules of Practice of this District, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail.

IT IS SO ORDERED.

Dated:September 7,2005

Thomas J. McAvoy
Senior, U.S. District Judge

7