UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEVIN GAMBLE,

                                                                                              9:05-CV-1097

                                                    *Plaintiff*,

                                                                                                   (TJM)(GJD)

                    -against-

J. ISAACS, Officer, Elmira Correctional Facility,

                                                  *Defendant*.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS.

                                                    ELIOT SPITZER
                                                    Attorney General of the State of New York
                                                    Attorney for Defendants
                                                    Office of the Attorney General
                                                    Syracuse Regional Office
                                                    615 Erie Boulevard West, Suite 102
                                                    Syracuse, NY 13204
                                                    Telephone: (315) 448-4800
                                                    Fax: (315) 448-4851 (not for service of papers)

MARIA MORAN
Assistant Attorney General,
    of Counsel

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

POINT I

       THE ACTION SHOULD BE DISMISSED AS
       VENUE IN THE NORTHERN DISTRICT IS IMPROPER  . . . . . . . . . . . . . . . . 1

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**PRELIMINARY STATEMENT**

On October 19, 2005, the plaintiff, a New York State inmate, filed his amended complaint in this matter pursuant to 42 U.S.C. § 1983. In said complaint, the plaintiff alleges that he was assaulted by Corrections Officer J. Isaacs on August 5, 2005 at Elmira Correctional Facility, and that Officer Isaacs then filed false charges against the plaintiff regarding the incident. *See* Dkt. No. 7, amended complaint at ¶¶ 3, 6. The defendant moves to dismiss on the ground that venue in the Northern District is improper. In the alternative, it is requested that the action be transferred to the Western District of New York for all future proceedings.

**ARGUMENT**

**POINT I**

**THE ACTION SHOULD BE DISMISSED AS
VENUE IN THE NORTHERN DISTRICT IS IMPROPER.**

The instant complaint should be dismissed against the defendant because venue is improper in the Northern District of New York. This plaintiff's case was brought pursuant to 42 U.S.C. § 1983, and jurisdiction is proper in federal court pursuant to 28 U.S.C. § 1331 (federal question cases). Venue in federal question cases is governed generally by 28 U.S.C. § 1391(b). 28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

The plaintiff asserts his claim against defendant Isaacs in his position as a prison guard at Elmira Correctional Facility, in Elmira, New York.  *See* Dkt. No. 7 at ¶ 3.  It is beyond dispute that Elmira, New York is located in Chemung County, and that Chemung County is not within the Northern District of New York.  *See* 28 U.S.C. § 112(a).  Accordingly, all of the "events or omissions giving rise to the claim" against the defendant occurred outside the Northern District of New York.  *See* 28 U.S.C. § 1391(b)(2).  Plaintiff does not claim in his amended complaint that the defendant "resides" in a county within the Northern District, *see* 28 U.S.C. §1391(b)(1); nor does plaintiff claim that the defendant can "be found" in a county within the Northern District, *see* 28 U.S.C. §1391(b)(3).  Accordingly, venue cannot properly lie in the Northern District of New York.

As the proper venue for this action is the Western District of New York (*see* 28 U.S.C. § 112(d)), the complaint should be dismissed.  In the alternative, it is respectfully requested that the action be transferred to the Western District of New York for all future proceedings.

## CONCLUSION

## DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED AND THE RELIEF SOUGHT BY PLAINTIFF MUST BE DENIED.

Dated: Syracuse, New York
      January 30, 2006

                          ELIOT SPITZER
                          Attorney General of the State of
                              New York
                          Attorney for the Defendant

BY:   s/Maria Moran
        MARIA MORAN
        Assistant Attorney General, of Counsel
        Bar Roll No.  302287
        615 Erie Boulevard West, Suite 102
        Syracuse, New York 13204-2465
        Telephone:    (315) 448-4800
        Fax: (315) 448-4851 (not for service of papers)

TO:   Kevin Gamble
       Plaintiff *pro se*