UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN GAMBLE,

                              Plaintiff,

       vs.                                                9:05-CV-1097
                                                                     (TJM/GJD)

J. ISAACS.,

                              Defendant.
_____

KEVIN GAMBLE
Plaintiff pro se

ELIOT SPITZER                           MARIA MORAN
Attorney General of the             Asst. Attorney General
State of New York

GUSTAVE J. DI BIANCO, Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

    This matter has been referred to me for Report and Recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge pursuant to 28 U.S.C. § 636(b) and Local Rules NDNY 72.3(c).

    In this amended civil rights complaint, plaintiff alleges that defendant assaulted plaintiff, but then accused plaintiff of the assault. (Dkt. No. 7). Plaintiff also submitted a statement in support of his amended complaint in which he alleges that defendant Isaacs abused his authority by filing a false misbehavior report in connection with the incident. (Dkt. No. 6).

    Presently before the court is defendant's motion to dismiss the amended

complaint for improper venue pursuant to FED. R. CIV. P. 12(b)(3). (Dkt. No. 11). In the alternative, defendant requests that the case be transferred to the Western District of New York for all further proceedings. *Id.* For the following reasons, this court finds that, in the interests of justice, this case should be transferred to the Western District of New York.

## DISCUSSION

Plaintiff brings this action for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Defendant correctly argues that the court has federal-question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue in federal-question cases is determined by 28 U.S.C. § 1391(b) which provides that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In a Rule 12(b)(3) motion to dismiss for improper venue, plaintiff bears the burden of showing that venue is proper in the chosen district. *Country Home Products v. Schiller-Home Products*, 350 F. Supp. 2d 561, 568 (D. Vt. 2004)(citing *United States EPA ex rel. McKeown v. Port Authority*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001)).

Plaintiff in this case has not responded to the defendant's motion. However, a review of the amended complaint shows that venue is proper only in the Western District of New York. Elmira Correctional Facility is in the Western District of New

York.  Thus, the incident in this case took place in the Western District.  Defendant Isaacs is a corrections officer working at Elmira Correctional Facility.  For purposes of venue in a section 1983 action a defendant "resides" where he performs his official duties. *Amaker v. Haponik*, 198 F.R.D. 386, 391 (S.D.N.Y. 2000)(citations omitted).  Thus, defendant Isaacs "resides" in the Western District of New York for purposes of venue.  There is ***no connection to the Northern District of New York*** in plaintiff's complaint.

When a plaintiff files an action laying venue in the wrong district, the court shall either dismiss the action or transfer the action to the appropriate district. 28 U.S.C. § 1406(a).  The court has discretion over whether to dismiss the action or to transfer the action "in the interests of justice." *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).  In this case, I find that the proper procedure would be to transfer this action to the Western District, the only district where this case could have been brought.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss the action pursuant to FED. R. CIV. P. 12(b)(3) (Dkt. No. 11) be **DENIED**, and it is further

**RECOMMENDED**, that defendant's motion in the alternative to transfer this action to the Western District of New York (Dkt. No. 11) be **GRANTED** and that this case be transferred to the Western District of New York for all further proceedings.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS**

**REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 19, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge