**B A R C L A Y   D A M O N**<sup>LLP</sup>

**Edward G. Melvin II**
*Partner*

September 28, 2022

<u>**VIA CM/ECF**</u>

Hon. Glenn T. Suddaby
U.S. District Court Judge
U.S. District Court for the Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, New York 13261

      Re.:    <u>*Antonyuk et al. v. Hochul et al.*</u>
           Case No. 1:22-cv-986 (GTS/CFH)

Dear Judge Suddaby:

    Please accept this letter brief on behalf of Defendants Gregory Oakes, in his Official Capacity as the District Attorney of Oswego County, and Don Hilton, in his Official Capacity as the Sheriff of Oswego County (collectively "Defendants") in opposition to Plaintiff Joseph Mann's ("Plaintiff Mann") motion for a temporary restraining order pursuant to the Court's Text Order entered in this matter on September 23, 2022 (Dkt. No. 8).

<u>**Legal Standards**</u>

<u>Temporary Restraining Order</u>

    In the Second Circuit, "[t]he same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order." *Stagliano v. Herkimer Cent. Sch. Dist.*, 151 F. Supp. 3d 264, 272 (N.D.N.Y. 2015); *Local 1814 Int'l Longshoreman's Ass'n v. New York Shipping Assoc., Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992) (holding that the standards which govern a temporary restraining order are the same as those for a preliminary injunction).

    As this Court held in *Antonyuk et al. v. Bruen et al.,* No. 1:22-CV-0734 (GTS/CFH), 2022 U.S. Dist. LEXIS 157874 (N.D.N.Y. Aug. 31, 2022), "[a] preliminary injunction is an 'extraordinary and drastic remedy' . . . ; it is never awarded as of right . . . ." *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008) (internal citations omitted). Generally, in the Second Circuit, a party seeking a preliminary injunction must establish the following three elements: (1) that there is either (a) a likelihood of success on the merits and a balance of equities

25198675.1    Barclay Damon Tower - 125 East Jefferson Street - Syracuse, New York 13202  barclaydamon.com
emelvin@barclaydamon.com  Direct: (315) 425-2783  Fax: (315) 703-7328
Also Admitted in: Connecticut

September 28, 2022
Page 2

tipping in the party's favor or (b) a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in the party's favor; (2) that the party will likely experience irreparable harm if the preliminary injunction is not issued; and (3) that the public interest would not be disserved by the relief. *See Antonyuk,* 2022 U.S. Dist. LEXIS 157874, at *20-25) (citations omitted) (also addressing the "heightened standard" of demonstrating a "substantial" likelihood of success and a "strong" showing of irreparable harm).

Standing

However, as a threshold jurisdictional issue, the "plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. FEC*, 554 U.S. 724, 734, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008) (internal quotation marks omitted); *Wang v. Bethlehem Cent. Sch. Dist.*, 21-CV-1023, 2022 U.S. Dist. LEXIS 140153, 2022 WL 3154142, at *4 (N.D.N.Y. Aug. 8, 2022) (Kahn, S.J.) ("[S]tanding is not dispensed in gross, and, accordingly, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought."). "At the preliminary injunction stage, 'a plaintiff's burden to demonstrate standing will normally be no less than that required on a motion for summary judgment. Accordingly, to establish standing for a preliminary injunction, a plaintiff cannot rest on . . . mere allegations . . . but must set forth by affidavit or other evidence specific facts' that establish the 'three familiar elements of standing: injury in fact, causation, and redressability.'" *Green Haven Prison Preparative Meeting of the Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78-79 (2d Cir. 2021) (quoting *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) (internal quotation marks and citation omitted)).

"[T]he injury-in-fact requirement . . . helps to ensure that the plaintiff has a 'personal stake in the outcome of the controversy.' *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158, 134 S. Ct. 2334, 189 L. Ed. 2d 246 (2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). Accordingly, plain injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical. *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). The party invoking federal jurisdiction has the burden of establishing standing. *Id.*

Pre-enforcement challenges are "cognizable under Article III." *Cayuga Nation v. Tanner*, 824 F.3d 321, 331 (2d Cir. 2016). Where, as here, the plaintiff brings a "pre-enforcement" challenge, the "plaintiff satisfies the injury-in-fact requirement where he alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Id.* (quoting *Babbitt v. Farm Workers*, 442 U.S. 289, 298, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979)). Determining whether a plaintiff has alleged a "credible threat sufficient to satisfy the imminence requirement of injury in fact necessarily depends on the particular circumstances at issue." *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 384 (2d Cir. 2015). To establish standing for a pre-enforcement challenge, an "allegation of future injury will be sufficient only if 'the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.'" *Does v. Suffolk Cty.*, No. 21-1658, 2022 U.S. App.

September 28, 2022
Page 3

LEXIS 19094, *7 (2d Cir. July 12, 2022) (quoting *Dorce v. City of New York*, 2 F.4th 82, 95 (2d Cir. 2021) (quoting *Susan B. Anthony List*, 573 U.S. at 158)).  Fears of prosecution may not, for instance, be "imaginary or speculative." *Id.* (quoting *Vance*, 802 F.3d at 384 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979))). Further, the imminence requirement is not "evident where plaintiffs 'do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible.'" *Id.* (citations omitted); *see also Picard v. Magliano,* 42 F.4th 89, 98 (2d Cir. 2022) (quoting *Cayuga Nation,* 824 F.3d at 331) (holding that "'[t]he identification of a credible threat sufficient to satisfy the imminence requirement . . . necessarily depends on the particular circumstances at issue," and "will not be found where plaintiffs do not claim that they have ever been threatened with prosecution, that prosecution is likely, or even that a prosecution is remotely possible.'").  Finally, to show that the plaintiff "inten[ds] to engage in a course of conduct arguably affected with a constitutional interest," the plaintiff is not required "to confess that [they] will in fact violate the law." *Susan B. Anthony List,* 573 U.S. at 163 (citing *Babbitt*, 442 U.S. at 301). However, "'some day' intentions – without any description of concrete plans, or indeed even any specification of *when* the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564 (emphasis in original); *see Frey v. Bruen*, 21-CV-5334, 2022 U.S. Dist. LEXIS 31053, *13-16 (S.D.N.Y. Feb. 22, 2022) (court finding no standing at preliminary injunction stage in firearms case based on "no concrete plans to violate the New York Penal Laws" and plaintiffs' failure to allege "a credible threat of prosecution"); *see also Frey v. Bruen*, 2022 U.S. Dist. LEXIS 158282, *2-3 (S.D.N.Y. Sept. 1, 2022) (case dismissed as against Defendant Bruen under Rule 12(b)(1) for lack of standing).

## Argument

### *The circumstances at issue in the present lawsuit do not suggest that Plaintiff Mann suffered, or is at substantial risk of suffering, an injury in fact; as a result, he lacks standing.*

In the Complaint, Plaintiffs generally allege that Plaintiff "Mann intends to continue to possess and carry his firearm while on church property, in violation of the CCIA" because "the CCIA defines 'sensitive locations' to include 'any place of worship or religious observation' which makes it a felony to even possess a firearm in that location." *See* Complaint at ¶¶ 181-185. Further, Plaintiffs allege that Plaintiff Mann's home is "physically part of the same building as the church" and, therefore, would also fall within the CCIA's definition of "sensitive locations" where it would be a felony for Plaintiff Mann to possess and carry his firearm.  *See id.*  Plaintiffs also allege in the Complaint that "[i]n order to fully comply with the CCIA, [Plaintiff] Mann would have to turn all his firearms over to the government, and he refuses to do so.  [Plaintiff] Mann states that New York City has already sent letters to persons with registered firearms at certain locations, notifying them that their premises have been deemed a 'sensitive location.'"  *See id.*

In sum, Plaintiffs believe that Plaintiff Mann has standing because he broadly intends to carry and possess his firearm at his church and in his home, which ***they believe*** falls within the CCIA's definition of "sensitive locations" (without receiving any notice confirming said beliefs),

September 28, 2022
Page 4

and because other individuals in New York City have received notices that their premises (none of which are alleged in the Complaint to be comparable locations to the premises-at-issue here) have been deemed a "sensitive location" and are required to surrender their firearms. *See id.* This is insufficient for a pre-enforcement challenge to the Concealed Carry Improvement Act ("CCIA").

As stated above, to establish standing for a pre-enforcement challenge, an "allegation of future injury will be sufficient ***only if*** 'the threatened injury is ***certainly impending***, or there is a ***substantial risk that the harm will occur***.'" *Does*, 2022 U.S. App. LEXIS 19094 at *7 (citations omitted) (emphasis added). "'The identification of a credible threat sufficient to satisfy the imminence requirement . . . will not be found where plaintiffs do not claim that they have ever been threatened with prosecution, that prosecution is likely, or even that a prosecution is remotely possible.'" *Picard*, 42 F.4th at 98 (quoting *Cayuga Nation*, 824 F.3d at 331).

Here, in support of this heavy burden, Plaintiff Mann has concluded that (1) his church falls within the definition of a "sensitive location" under the CCIA without receiving any notice of same; (2) determined that simply because his residence is physically connected to the church's building, that it would also fall within the definition for a "sensitive location" (i.e., that it is also a "place of worship or religious observation"); (3) his general intention to carry a firearm sometime in the future at these various allegedly "sensitive locations" will violate the CCIA and lead to prosecution; and (4) because other individuals located in New York City have received notices that their premises have been deemed to be "sensitive locations," he too will face the same result. *See* Complaint at ¶¶ 181-185. None of these conclusions are concrete and particularized and actual or imminent but, rather, merely speculative. *See Susan B. Anthony List*, 573 U.S. at 158 (2014) (citations omitted).

Moreover, Plaintiffs fail to provide any specificity concerning Plaintiff Mann's "intentions" to violate the CCIA. *See generally* Complaint. Instead, Plaintiffs generally assert that Plaintiff Mann plans to carry his firearm at various locations associated with his church without any actual or concrete plans, dates, or times for said alleged "intentions" to violate the CCIA. *See id.* at ¶¶ 181-192. "A credible threat of prosecution . . . cannot rest on fears that are imaginary or speculative." *Knife Rights*, 802 F.3d at, 384 (2d Cir. 2015) (citations omitted). Plaintiffs' "'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564 (citations omitted).

In a similar case decided by the Second Circuit in July 2022, *Does 1-10 v. Suffolk County*, the Second Circuit held that the plaintiffs failed to establish standing where they did not allege a "credible threat sufficient to satisfy the imminence requirement . . . ." 2022 U.S. App. LEXIS 19094, 2022 WL 2678876, at *6-9 (2d Cir. 2022), In *Does 1-10*, the plaintiffs brought a pre-enforcement "challenge to Suffolk County's alleged policy criminalizing possession of the Delta Level Defense CT4-2A[.]" *Id.* The Second Circuit found that the plaintiffs failed to show a credible threat of prosecution, despite the fact that they had received a notification from the Suffolk

September 28, 2022
Page 5

County Police Department that "the Delta Level Defense CT4-2A [was] 'not in compliance with the New York State Penal Law' and that Does 'may be subject to arrest and criminal charges' if they 'fail[ed] to present the weapon to the Suffolk County Police Department' upon receipt of the letter. *Id.* Because the plaintiffs did not allege that "any individual ha[d] been arrested or had their firearm forcibly confiscated for failing to comply with the Suffolk County Police Department's request . . . , or even that any purchaser of the [firearm] ha[d] been arrested or had their firearms forcibly confiscated by the Suffolk County Police Department," they failed to allege "that the threatened injury [wa]s certainly impending or that there [wa]s a substantial risk that they w[ould] be harmed[.]" *Id.* at *7-8. Here, Plaintiffs fail to allege that Plaintiff Mann received notice of impending prosecution, that he had "been threatened with prosecution," or that "prosecution was [even] likely." *See Picard*, 42 F.4th 89, 98 (2d Cir. 2022) (citations omitted). Instead, Plaintiffs merely allege that other individuals in New York City have received notices that their premises were deemed to be "sensitive locations" so Plaintiff Mann may be prosecuted similarly. *See* Complaint at ¶¶ 181-185. With respect to Defendant Oakes, Plaintiffs merely (and generally) allege that as District Attorney, he "has a duty 'to conduct all prosecutions for crimes and offenses cognizable by the courts' of Oswego County." *Id.* at ¶16. With respect to Defendant Hilton, Plaintiffs allege that he is a vocal critic of the CCIA and that "his office would engage" in "'very conservative enforcement' of the CCIA," but that he is the "Sheriff of Oswego County" which is the "law enforcement entity" for Oswego County. *Id.* at ¶17. Accordingly, Plaintiffs' general assertions concerning Plaintiff Mann's alleged intentions, as well as their generalized allegations regarding Defendants Oakes and Hilton, are insufficient to establish standing for a pre-enforcement challenge to the CCIA .

## Conclusion

For the reasons set forth above, Defendants respectfully requests an order from this Court denying Plaintiff Mann's motion for a temporary restraining order, dismissing the Complaint in its entirety as to Defendants Oakes and Hilton for lack of subject matter jurisdiction, and awarding such further and other relief as the Court deems proper.[1]

Respectfully,

/s/ Edward G. Melvin____
Bar Roll No. 509037
Edward G. Melvin II

/s/ J.J. Pelligra_____
Bar Roll No. 701404
J.J. Pelligra

cc: All counsel of record via CM/ECF

---

[1] For purposes of this TRO application and argument only, the Defendants do not address the constitutionality of the CCIA, and reserve the right to do so should the Defendants remain in this action.