United States District Court
Northern District of New York

_____

Ivan Antonyuk et al.,

                Plaintiffs,          Case No. 1:22-cv-00986-GTS-CFH

      V                                  Answer to Complaint

Kathleen Hochul et al.,

                Defendants.

_____

    William Fitzpatrick and Eugene Conway (defendants), as and for an answer to the complaint of Ivan Antonyuk, Corey Johnson, Alfred Terrille, Joseph Mann, Leslie Leman, and Lawrence Sloane (plaintiffs), allege:

    1. Defendants admit the allegations of paragraph numbered 9 of the complaint that Kathleen Hochul is governor of the state of New York elevated to that office in August 2021 after the resignation of the former governor Andrew Cuomo. Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph numbered 9 of the complaint.

    2. Defendants admit the allegations of paragraph numbered 10 of the complaint that Kevin P. Bruen is superintendent of the New York State Police. Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph numbered 10 of the complaint.

3. Defendants admit the allegations of paragraph numbered 11 of the complaint that Matthew J. Doran is a judge of the Onondaga County Court. Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph numbered 11 of the complaint.

4. Defendants admit the allegations of paragraph numbered 12 of the complaint that William Fitzpatrick (Fitzpatrick) is the district attorney for Onondaga County, that Fitzpatrick has a duty to conduct prosecutions for crimes and offenses cognizable by the courts of Onondaga County, that Fitzpatrick stated at a press conference that violators of the so-called concealed carry improvement act (CCIA) will have their weapons confiscated while prosecutors investigate any other criminal activity, that violators of CCIA would be referred to the judge who granted them concealed carry licenses in the first place possibly leading to the revocation of their carry privileges, and that Fitzpatrick slammed the new legislation. Defendants deny the allegations of paragraph numbered 12 of the complaint that Fitzpatrick has not completely disavowed enforcement of CCIA. Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph numbered 12 of the complaint.

5. Defendants admit the allegations of paragraph numbered 13 of the complaint that Eugene Conway (Conway) is the sheriff of Onondaga County with jurisdiction to enforce the laws of the state including CCIA, that Conway is the official to whom residents of Onondaga County submit applications for firearms licenses, that the pistol license unit within the Onondaga County Sheriff's Office (OCSO) is responsible for maintaining pistol license files, issuing new pistol licenses, processing license amendments, suspensions, and revocations, conducting criminal investigation of pistol licensees when warranted, and conducting deceased pistol licensee investigations, that Conway requires an applicant for a license to schedule an appointment to turn

in the required paperwork, that OCSO's website states that in order to proceed all four character reference forms must be completed and signed, and applicants must have attended and received a certificate from an approved handgun safety course certified instructor, an applicant is not to schedule an appointment until the application prerequisites have been met, and incomplete applications will not be processed at the time of any appointment.  Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph numbered 13 of the complaint.

    6.  Defendants admit the allegations of paragraph numbered 14 of the complaint that Joe Cecile is the chief of police of the city of Syracuse.  Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph numbered 14 of the complaint.

    7.  Defendants admit the allegations of paragraphs numbered 15, 16, 17, and 18 of the complaint that P. David Soares is the district attorney for Albany County and has a duty to conduct prosecutions for crimes and offenses cognizable by the courts of Albany County, that Gregory Oakes is the district attorney for Oswego County and has a duty to conduct prosecutions for crimes and offenses cognizable by the courts of Oswego County, that Don Hilton is the sheriff of Oswego County, and that Joseph Stanzione is the district attorney for Greene County and has a duty to conduct prosecutions for crimes and offenses cognizable by the courts of Greene County.  Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraphs numbered 15, 16, 17, and 18 of the complaint.

8. Defendants admit the allegations of paragraph numbered 160 of the complaint that Fitzpatrick publicly stated his intent to confiscate firearms of violators of CCIA and refer the violators back to the licensing judge who granted them concealed carry licenses in the first place possibly leading to the revocation of their carry privileges. Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph numbered 160 of the complaint.

9. Defendants admit the allegations of paragraph numbered 225 of the complaint that an Onondaga County resident cannot apply for a license without providing the licensing official with all the required information on the application as it will be rejected. Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph numbered 225 of the complaint.

10. Defendants admit the allegations of paragraph numbered 226 of the complaint that Conway does not have an appointment available until October 2023. Defendant lacks knowledge of information sufficient to from a belief about the truth of the other allegations of paragraph numbered 226 of the complaint.

11. Defendants deny the allegations of paragraphs numbered 227 and 229 of the complaint that Conway refused to accept Sloane's application and that Conway refused to permit Sloane to present his application. Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations of paragraphs numbered 227 and 229 of the complaint.

12.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs numbered 1, 2, 3, 4, 5, 6, 7, 8, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 228, 230, 231, 232, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, and 265 of the complaint.

## First Defense

13.  Defendants have not received, investigated, or made any complaint or accusation that plaintiffs or any other person violated CCIA.

14.  Defendants have not threatened to enforce CCIA against plaintiffs or any other person.

15.  Defendants have not enforced CCIA against plaintiffs or any other person.

16.  Plaintiffs' claim that defendants are a threat to enforce or have enforced CCIA against plaintiffs is frivolous, unreasonable, and groundless.

17. Plaintiffs' prosecution or maintenance of the claim that defendants are a threat to enforce or have enforced CCIA against plaintiffs is frivolous, unreasonable, and groundless.

Second Defense

18. Any act or omission of defendants was a reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

19. Defendants have qualified immunity from any claim of plaintiffs arising out of defendants' reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

20. Any claim for damages arising out of defendants' reasonable, in good faith, and discretionary act or omission in the performance of a governmental function may not be prosecuted or maintained, but is barred because of governmental immunity.

Third Defense

21. Any act or omission of defendants was a reasonable, in good faith, and ministerial act or omission in the performance of a governmental function with respect to which defendants had no special relationship to plaintiffs.

22. Defendants have qualified immunity from any claim for damages arising out of defendants' reasonable, in good faith, and ministerial act or omission in the performance of a governmental function with respect to which defendants had no special relationship to plaintiffs.

23. Any claim for damages arising out of defendants' reasonable, in good faith, and ministerial act or omission in the performance of a governmental function with respect to which defendants had no special relationship to plaintiffs may not be prosecuted or maintained, but is barred because of governmental immunity.

Fourth Defense

24. Any act or omission of Fitzpatrick was in furtherance of a criminal prosecution.

25. Fitzpatrick has absolute immunity from any claim of plaintiffs arising out of Fitzpatrick's act or omission in furtherance of a criminal prosecution.

26. Any claim for damages arising out of Fitzpatrick's act or omission in furtherance of a criminal prosecution may not be prosecuted or maintained, but is barred because of prosecutorial immunity.

Fifth Defense

27. Any act or omission of Fitzpatrick was in Fitzpatrick's judicial or quasi-judicial capacity and not in violation of a declaratory decree or where declaratory relief was unavailable.

28. Fitzpatrick has absolute immunity from any claim of plaintiffs for injunctive relief arising out of Fitzpatrick's act or omission in Fitzpatrick's judicial or quasi-judicial capacity and not in violation of a declaratory decree or where declaratory relief was unavailable.

29. Any claim for injunctive relief arising out of Fitzpatrick's act or omission in Fitzpatrick's judicial or quasi-judicial capacity and not in violation of a declaratory decree or where declaratory relief was unavailable may not be prosecuted or maintained, but is barred because of judicial immunity.

Sixth Defense

30. Any act or omission of Fitzpatrick was in Fitzpatrick's judicial or quasi-judicial capacity and not clearly in excess of Fitzpatrick's jurisdiction.

31. Fitzpatrick has absolute immunity from any claim for an attorney's fee as part of costs in any action arising out of Fitzpatrick's act or omission in Fitzpatrick's judicial or quasi-judicial capacity and not clearly in excess of Fitzpatrick's jurisdiction.

32. Any claim for an attorney's fee as part of costs in any action arising out of Fitzpatrick's act or omission in Fitzpatrick's judicial or quasi-judicial capacity and not clearly in excess of Fitzpatrick's jurisdiction may not be prosecuted or maintained, but is barred because of judicial immunity.

## Seventh Defense

33. The complaint fails to state a claim upon which relief against defendants can be granted.

## Demand for Relief

34. Defendants demand a judgment dismissing the complaint against defendants.

35. Defendants demand a judgment awarding defendants a reasonable attorney's fee as part of costs.

Dated:  11 October 2022

s/ John E. Heisler Jr.
Bar Roll Number: 301476
Attorney for Defendants
Onondaga County Department of Law
John H. Mulroy Civic Center, 10th Fl.
421 Montgomery Street
Syracuse, NY 13202
Telephone: (315) 435-2170
Fax: (315) 435-5729
Email: johnheislerjr@ongov.net