# ⓈStambouliěh Law, PLLC

P.O. Box 428, Olive Branch, MS  38654 | (601) 852-3440 | stephen@sdslaw.us

December 9, 2022

Hon. Glenn T. Suddaby                                                                  *via ECF*
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

      **Re:** *Antonyuk, et al. v. Hochul, et al.,* No. 1:22-CV-986 (N.D.N.Y) (GTS/CFH)

Dear Judge Suddaby:

      On November 21, 2022, State Defendants filed a letter motion with this Court, asking the Court to "reconsider" part of its Decision and Order (ECF #85) which had granted in part and denied in part the State Defendants' Motion to Dismiss.  ECF #88 at 1 (denying Defendants' request to dismiss Judge Doran from the case).  In their motion, Defendants note that, although the Court attributed a particular admission in an answer to Judge Doran, Judge Doran had not yet filed his answer in this case.  *See* ECF # 85 pp. 5-6 (explaining that the answer in question was instead filed by Defendants Conway and Fitzpatrick).  On that basis alone, Defendants ask this Court to "dismiss Judge Doran as a defendant and [dismiss] the Plaintiffs' licensing-based claims…"  ECF #88 at 2.  Yesterday, December 8, 2022, Judge Doran filed his answer. *See* ECF #98.

      Plaintiffs submit that, while it is true that the Court's Order does appear to misattribute an admission to Judge Doran, at best this represents harmless error. Indeed, in Judge Doran's Answer filed yesterday, he admits "that [he] is a County Court Judge of Onondaga County, New York [and] is a licensing officer for Onondaga County."  *See* ECF #98, ¶11; *cf.* ECF #85 at 6.  Judge Doran also "admits that he is responsible for determining whether to grant or deny carry license applications" but he denies the remainder of paragraph 11 – namely, denies that he is a proper party for Plaintiffs' licensing provision challenges.  *Id.*

      Of course, Judge Doran need not admit that he is a proper party (a legal conclusion) in order to be one, as the statute regarding "licensing officers" controls based on Judge Doran's admission that he is, in fact, a licensing officer.  N.Y. Penal Law § 265.00(10) defines "Licensing officer" to mean (in this circumstance), "… a judge or justice of a court of record having his office in the county of issuance."  Moreover,

N.Y. Penal Law § 400.00(1) provides what a "licensing officer" is required to do with respect to permitting, stating that "[n]o license shall be issued or renewed pursuant to this section except by the licensing officer, and then only after investigation and finding that all statements in a proper application for a license are true," including the presence of good moral character, an in person interview with "the licensing officer," the names and contact information of family, character references, and the catch-all "such other information required by the 'licensing officer'…" Of course, this tracks with Plaintiffs' Complaint, at ¶11:

> Defendant Doran is a "licensing officer" for Onondaga County described in N.Y. Penal Law § 265.00(10) and, as such, is responsible for the receipt and investigation of carry license applications, along with the issuance or denial of carry licenses. N.Y. Penal Law § 400.00. Defendant Doran is the proper party with respect to Plaintiffs' challenge to the CCIA's requirement and definition of "good moral character," along with its associated requirements of an in-person interview, disclosure of a list of friends and family, provision of four "character references," and provision of three years of social media history.

Finally, as the Court has already noted and as Defendants have admitted, there is redressability here with respect to Judge Doran. *See* ECF #78 at 21. Moreover, Defendants have impliedly conceded that Judge Doran would deny an incomplete application because he would act "in accordance with the law." *Id.* Finally, as the Court explained, this is more than enough to make Judge Doran a proper party under *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2125 (2022).

In short, Judge Doran need not "admit" that he is a "proper party" in order to be a proper party. Based on his admissions filed yesterday, Penal Law § 400.00, and under *Bruen*, Judge Doran is a responsible "licensing officer" and thus a proper party here. Any misattribution in this Court's Order does not change this analysis, and was not necessary for the Court's legal conclusion.

We thank the Court in advance for its consideration.

Stephen D. Stamboulieh

cc:   By ECF to all counsel of record.