UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IVAN ANTONYUK; COREY JOHNSON; ALFRED
TERRILLE; JOSEPH MANN; LESLIE LEMAN; and
LAWRENCE SLOANE,                                              1:22-CV-0986
                                                              (GTS/CFH)
                         Plaintiffs,

v.

STEVEN A. NIGRELLI, in his Official Capacity as
Acting Superintendent of the New York State Police;
JUDGE MATTHEW J. DORAN, in His Official
Capacity as Licensing-Official of Onondaga County;
WILLIAM FITZPATRICK, in His Official Capacity
as the Onondaga County District Attorney; EUGENE
CONWAY, in his Official Capacity as the Sheriff of
Onondaga County; JOSEPH CECILE, in his Official
Capacity as the Chief of Police of Syracuse;
P. DAVID SOARES, in his Official Capacity as the
District Attorney of Albany County; GREGORY
OAKES, in his Official Capacity as the District Attorney
of Oswego County; DON HILTON, in his Official
Capacity as the Sheriff of Oswego County; and JOSEPH
STANZIONE, in his Official Capacity as the District
Attorney of Greene County,

                         Defendants.
_____

APPEARANCES:                          OF COUNSEL:

STAMBOULIEH LAW, PLLC                 STEPHEN D. STAMBOULIEH, ESQ.
    Counsel for Plaintiffs
P.O. Box 428
Olive Branch, MS 38654

WILLIAM J. OLSON, P.C.                ROBERT J. OLSON, ESQ.
    Co-Counsel for Plaintiffs
370 Maple Avenue W, Suite 4
Vienna, VA 22180

| | |
|---|---|
| HON. LETITIA A. JAMES<br>Attorney General for the State of New York<br>   Counsel for the State Defendants<br>The Capitol<br>Albany, NY 12224 | MICHAEL G. McCARTIN, ESQ.<br>JAMES M. THOMPSON, ESQ.<br>Assistants Attorney General<br>ALEXANDRIA TWINEM, ESQ.<br>Assistant Solicitor General |
| BARCLAY DAMON LLP<br>   Counsel for Oswego County Defendants<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, NY 13202 | EDWARD G. MELVIN, ESQ.<br>JOHN JOSEPH PELLIGRA, ESQ. |
| HON. SUSAN R. KATZOFF<br>Corporation Counsel for the City of Syracuse<br>   Counsel for City of Syracuse Defendants<br>233 East Washington Street<br>300 City Hall<br>Syracuse, NY 13202 | TODD M. LONG, ESQ.<br>DANIELLE R. SMITH, ESQ.<br>DARIENN BALIN, ESQ.<br>Assistants Corporation Counsel |
| ONONDAGA COUNTY DEPT. OF LAW<br>   Counsel for Onondaga County Defendants<br>John H. Mulroy Civic Center, 10th Floor<br>421 Montgomery Street<br>Syracuse, NY 13202 | JOHN E. HEISLER, JR.<br>Deputy County Attorney |
| HON. EDWARD I. KAPLAN<br>Greene County Attorney<br>   Counsel for Defendant Stanzione<br>411 Main Street, Suite 443<br>Catskill, NY 12414 | EDWARD I. HAPLAN, ESQ. |
| HON. EUGENIA K. CONDON<br>Albany County Attorney<br>   Counsel for Defendant Soares<br>112 State Street, Room 600<br>Albany, NY 12207 | JOSEPH A. COTICCHIO, ESQ.<br>Assistant County Attorney |

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court is the State Defendants' motion for reconsideration of the Court's Decision and Preliminary Injunction of November 7, 2022, and Decision and Order of

2

November 17, 2022, based on the Court's mistaken attribution of the other State Defendants' Answer to Defendant Doran.  (Dkt. No. 88.)   After carefully considering the matter, the Court denies the State Defendants' motion for the reasons stated in Plaintiffs' opposition.   (Dkt. No. 99.)   To those reasons, the Court adds the following analysis.

Generally, only three grounds exist on which a district court may justifiably reconsider its previous ruling: (1) an intervening change in controlling law, (2) new evidence that was not previously available, or (3) a demonstrated need to correct a clear error of law or to prevent manifest injustice.  *United States v. Sanchez*, 35 F.3d 673, 677 (2d Cir.), *cert. denied*, 514, U.S. 1038 (1995).   Here, as clear as it is that the Court committed a clerical error in attributing the other State Defendants' Answer to Defendant Doran in its two Decisions, it is clear that the error was, and is, wholly immaterial to the Court's ruling with regard to Defendant Doran.[1]

This is because that ruling was expressly based not merely on a perceived admission that Defendant Doran is a "proper party" but on the following two facts: (1) the fact that Defendant Doran is a "licensing officer" for Onondaga County described in N.Y. Penal Law § 265.00(10) and, as such, is responsible for the receipt and investigation of carry license applications, along with the issuance or denial of carry licenses, under N.Y. Penal Law § 400.00; and (2) the fact that the need for an application is excused (for each of two reasons) due to futility.   (Dkt. No.

---

[1]  Of course, the error pointed out in a motion for reconsideration must be material. *See, e.g., Garcia-Henriquez v. Garland*, No. 20-1085, 2022 WL 3368035, at *1 (2d Cir. 2022) ("The petitioners' motion for reconsideration corrected an error of fact by noting, as indicated in their initial appeal to the BIA, that they would seek consular processing and not adjustment of status. However, this error was immaterial because their unlawful entry made them inadmissible and thus not prima facie eligible for permanent residence, regardless of whether they sought that status through adjustment or consular processing."); *Mapinfo Corp. v. Spatial Re-Engineering Consultants*, 02-CV-1008, 2007 WL 28411, at *1, n.2 (N.D.N.Y. Jan. 3, 2007) ("SRC notes an error in the MDO. The MDO refers to "thirty-two" MapInfo partners or resellers when the correct number was twenty-three. MDO at 9. That error is, however, immaterial to the decision on this motion.").

85, at 6-7.)

In cases of futility, the proper party is the party who could grant the requested relief in the absence of futility. *See Doe No. 1 v. Putnam Cnty.*, 344 F. Supp. 3d 518, 534 (S.D.N.Y. 2018) (recognizing that, even though Plaintiff Doe No. 2 had not applied for a handgun license, Putnam County was "sufficiently adverse" to Plaintiff Doe No. 2, because it would be required to release data about him "were he to apply for a handgun") (citing *I.N.S. v. Chadha*, 462 U.S. 919, 939-40 [1983]); *Romeu v. Cohen*, 121 F. Supp.2d 264, 274 (S.D.N.Y. 2000) (ruling that plaintiff had standing to bring civil rights action under election laws even though he did not apply for an absentee ballot because doing so would have been futile, and treating as proper defendants the entity, and the head of the entity, to which he would have submitted the application), *aff'd*, 265 F.3d 118 (2001); *Shirkey v. Eastwind Cmty. Dev. Corp.*, 941 F. Supp. 567, 572-74 (D. Md. 1996) (ruling that plaintiff had standing to complain of employment discrimination even though he did not apply for a job because doing so would have been futile, and that proper defendant was employer to which he would have submitted job application), *modified on other grounds*, 993 F. Supp. 370 (D. Md. 1998); *Mixon v. Keller*, 372 F. Supp. 51, 53 (M.D. Fla. 1974) (ruling that plaintiff had standing to bring civil rights action under Fourteenth Amendment even though she did not file formal application for benefits because doing so would have been futile, and treating as a proper defendant the head of the entity to which he would have submitted the application), *aff'd in part and remanded*, 516 F.2d 898 (5th Cir. 1975).

The Court emphasizes that the fact that Defendant Doran was a "licensing officer" for Onondaga County was clear to the Court based on more than its mistaken reading of the other State Defendants' Answer. As expressly stated by the Court in each of the two challenged

decisions, the fact that Defendant Doran was a licensing officer for Onondaga County was clear to the Court based on the State Defendants' concession that "redressability might be present with respect to [Defendant] Doran." (Dkt. No. 78, at 21 [citing Dkt. No. 48, at 32-33]; Dkt. No. 85, at 7 [citing Dkt. No. 48, at 32-33].)  It was also clear to the Court for two other reasons that the Court did not feel compelled to state due to their obviousness and its need for brevity: (1) the fact that, during oral argument, defense counsel expressly conceded, "Judge Doran may be the proper person to sue in the event of the denial of an application" (Dkt. No. 23, at 48); and (2) the fact that, during oral argument, Plaintiffs' counsel represented that Defendant Doran was the licensing officer who had signed Plaintiff Johnson's permit (*id.* at 44).[2]

In any event, the fact is now undisputed given that, in his recently filed Answer, Defendant Doran has admitted that he is such a "licensing officer" and that he is "responsible for determining whether to grant or deny carry license applications" (Dkt. No. 98, at ¶ 11)–admissions that defense counsel reasonably should have known when he filed his motion (given that his motion was based on an argument that the Court had interpreted Defendant Doran's Answer differently than how he would answer the Complaint). (Dkt. No. 88, at 2 & n.1.)[3]

---

[2]      Although the Court need not rely on this fact, it notes that, by September 20, 2022 (when Plaintiffs filed their Complaint), local newspaper articles had been published reporting that, of Onondaga County's four County Court Judges, one had retired, one and expressed an intent to retire by the end of his term in 2022, and one had been temporarily appointed to the post, leaving only one judge who was likely to be serving as Onondaga County's licensing officer under N.Y. Penal Law § 265.00(10). *See, e.g.,* Douglass Dowty, "Dougherty's Retirement Comes in Time to Put Seat on the Ballot," *The Post-Standard* (Apr. 28, 2022). The then-current number of Onondaga County Court judges was also available on the Judges Directory on the New York State Unified Court System's website. https://ww2.nycourts.gov/courts/5jd/onondaga/supremecounty/judges.shtml

[3]      The Court notes that it may consider this admission in Defendant Doran's Answer when deciding the State Defendants' motion for reconsideration, because (1) the State Defendants

For each of these alternative reasons, the Court denies the State Defendants' motion for reconsideration.

**ACCORDINGLY**, it is

**ORDERED** that the State Defendants' motion for reconsideration of the Court's Decision and Preliminary Injunction of November 7, 2022, and Decision and Order of November 17, 2022 (Dkt. No. 88) is **DENIED**.

Dated: December 13, 2022
    Syracuse, New York

*/s/ Glenn T. Suddaby*
Glenn T. Suddaby
U.S. District Judge

---

placed the substance of Paragraph 11 of Defendant Doran's Answer at issue in their motion for reconsideration (by arguing that it is different than how the Court interpreted it), and/or (2) the admission constitutes new evidence that was not previously available. *See* Fed. R. Evid. 801(d)(2)(A) (recognizing party admissions as not hearsay).